IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MAURICE SWANSON,

Petitioner,

v.

CHARLES DANIELS,
Warden, FCI-Sheridan,

Respondent.

CV 07-1538-MA

OPINION AND ORDER

MAURICE SWANSON
Federal Register Number 31822-048
Federal Correctional Institution
PO Box 5000
Portland, OR 97378-5000

Petitioner, *Pro Se*

KARIN J. IMMERGUT
United States Attorney
SCOTT ERIK ASPHAUG
Assistant United States Attorney
United States Attorney's Office
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

Attorneys for Respondent

MARSH, Judge:

Petitioner, an inmate in the custody of the Federal Bureau of Prisons (BOP), currently housed at the Federal Correctional Institution (FCI) Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241.

After pleading guilty in the United States District Court for the District of Nevada for Distribution of a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) on February 2, 1998, Petitioner was sentenced to 168 months imprisonment, 5 years of supervised release, and a $5000 fine. *See United States v. Maurice Swanson,* Case Number 2:97 CR00020-001. The "schedule of payments" page in the sentencing order stated that the $5000 fine was due "in full immediately." However, since restitution was not ordered, the sentencing court did not set a schedule of payments for restitution.

According to Petitioner, when he arrived at FCI Sheridan the BOP "stepped forward, without lawful authority, and fixed a schedule for restitution payments" pursuant to the Inmate Financial Responsibility Program (IFRP). *See* 28 C.F.R. § 545.10, *et seq*. Petitioner therefore requests that this Court issue a Writ of Habeas Corpus commanding the Respondent to cease collecting any restitution payments from him on the basis that the BOP does not have authority to "force" petitioner to pay his restitution because the sentencing court did not fix a restitution payment schedule for his period of imprisonment. *See United States v. Gunning*, 339 F.3d 948 (9th Cir. 2003)(*Gunning I*), and *United States v. Gunning*, 401 F.3d 1145 (9th Cir. 2005) (*Gunning II*). Petitioner also asks the Court to command Respondent to identify Petitioner as "IFRP exempt," to vacate his

"IFRP refusal status," to vacate associated sanctions imposed upon him, and to restore him to "the position he would have been but for the wrongful actions of the BOP."

Before turning to Respondent's peculiar Answer, I reiterate that the record is completely lacking any evidence that Petitioner was ever ordered to pay restitution in the above-referenced case, that the BOP has ever collected a restitution payment from Petitioner, that Petitioner has ever been placed on "IFRP refusal status," or that any sanctions have been imposed upon him as a consequence of refusing to make restitution payments. All the evidence before me indicates Petitioner was not ordered to pay restitution and is therefore not entitled to any of the relief he requests.

Be that as it may, the Court will not speculate as to why Respondent, by his Answer dated December 13, 2007, concedes that the writ should be granted and that the BOP will voluntarily "cease collection activity pursuant to the IFRP and will identify [Petitioner] as IFRP exempt." A further source of confusion is Petitioner's Reply, following my appointment of counsel in this case, which contains two sentences reasserting Petitioner's entitlement to relief.

Petitioner's *Pro Se* Petition borrows the boilerplate arguments employed in the collection of Section 2241 Petitions

filed in this district in the last year[1], based on the *Gunning* decisions. However, this case does not involve the unlawful delegation of the district court's duty to set a payment schedule for the payment of restitution. Moreover, citing *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 550 (9th Cir. 1998)(per curium), the court in *Gunning II*, reiterated that the district court may "delegate scheduling of payments of fines to the BOP." *Gunning*, 401 F.3d at 1150. Thus, if Petitioner intended to assert that the BOP does not have authority to set a fine payment schedule, he is mistaken.

**CONCLUSION**

Based on the foregoing, Petitioner's habeas corpus petition (#4) is DENIED.

IT IS SO ORDERED.

DATED this _15 day of January, 2008.

/s/ Malcolm F. Marsh
Malcolm F. Marsh
United States District Judge

---

[1] *See White v. Daniels*, 2007 WL 4210960 (D. Or. Nov. 26, 2007); *Haskins v. Daniels*, 2007 WL 4210913 (D. Or. Nov. 26, 2007); *Nelson v. Daniels,* 2007 WL 3128502 (D. Or. Oct. 22, 2007); *Wright v. Daniels,* 2007 WL 3125302 (D. Or. Oct. 22, 2007); *Putnam v. Daniels*, 2007 WL 2688243 (D. Or. Sept. 10, 2007); *Bowen v. Daniels,* 2007 WL 2608312 (D. Or. Sep. 3, 2007)*; Fowler v. Daniels*, 2007 WL 2323306 (D. Or. Aug. 8, 2007); *Lemoine v. Daniels*, 2007 WL 2138601 (D. Or. July 20, 2007); *Dixey v. Daniels*, 2007 WL 1975806 (D. Or. July 5, 2007); *Jones v. Daniels*, 2007 WL 1959278 (D. Or. July 2, 2007); *Soroka v. Daniels*, 467 F. Supp. 2d 1097 (D. Or. Dec. 5, 2006).